United States Courts
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT FOR  FEB 27 2026

THE SOUTHERN DISTRICT OF TEXAS

Nathan Ochsner, Clerk of Court

HOUSTON DIVISION

| | | |
|---|---|---|
| **MEGAN N. GENTRY**<br>*Plaintiff,*<br><br>v.<br><br>**SPIRETEK INTERNATIONAL, INC.,**<br>**FOXCONN CORPORATION,**<br>*Defendants,* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Megan Gentry ("Plaintiff"), proceeding *pro se*, filing this Original Complaint against Defendants SpireTek International, Inc. ("SpireTek") and Foxconn Corporation, ("Foxconn") (collectively "Defendants") and in support thereof would show the Court as follows:

## I.    INTRODUCTION

1. This is civil action for race discrimination and retaliation in employment in violation of 42 U.S.C. § 1981, arising from Plaintiff's termination shortly after she reported race-based discrimination and other unlawful workplace conduct.

2. Plaintiff seeks relief solely under 42 U.S.C. § 1981 for intentional race discrimination and retaliation.

## II. JURISDICTION AND VENUE

1

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically 42 U.S.C. § 1981.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Houston, Texas, within this District, and Defendants conduct business in this District.

### III. PARTIES

5. Plaintiff Megan Gentry is a resident of Harris County, Texas.

6. Defendant SpireTek International, Inc. is a staffing company doing business in Texas and may be served through its registered agent LEONARD LAN at 6901 CORPORATE DR STE 103 HOUSTON TX 77036-5114.

7. Defendant Foxconn Corporation is a business entity operating the worksite where Plaintiff performed work and may be served through its registered agent SEAN PHILLIPS at 8801 FALLBROOK DR HOUSTON TX 77064-4856

### IV. FACTUAL ALLEGATIONS

#### A. Employment relationship and control

8. Plaintiff begin working at a Foxconn Corporation facility on December 1, 2025 operating under the name "Q-Edge Corporation" (hereinafter "Q-Edge") located at 8702 FAIRBANKS N HOUSTON RD HOUSTON TX 77064-0001 in Houston, Texas.

9. At all relevant times, Defendants operated as joint employers. SpireTek International, Inc. served as Plaintiff's payroll and staffing employer, while Foxconn exercised control

2

over Plaintiff's daily work, supervision, workplace policies, and the decision to terminate her assignment.

### B. Protected complaints (race discrimination and related concerns)

10. Plaintiff was the only Black HR Specialist and one of only two Black administrative employees among approximately 250 administrative staff at the facility.

11. Plaintiff was treated differently than similarly situated non-Black HR employees, including being denied access to meetings, training opportunities, and information shared with other HR staff. Plaintiff was subjected to heightened scrutiny and discipline despite lacking access to the same support, communication, and managerial access afforded to non-Black colleagues.

12. Plaintiff reported discriminatory conduct and workplace concerns to Human Resources personnel on multiple occasions, including the following:

    1.  December 17, 2025 — complaint to Samantha Kelly (Foxconn HR) regarding race discrimination.

    2.  January 22, 2026 — complaint to Ivan Guo (Foxconn HR) regarding race discrimination. During that conversation, Mr. Guo acknowledged that the situation was "a shitty situation right now" and referenced efforts to "localize" the company to remove its "connection with China" so it could operate "like an American company with diversity and mutual respect." These statements reflect an awareness within management-level personnel of racial and cultural tensions impacting workplace treatment.

3

3.  January 27, 2026 — complaint to Sugey Orozco Argoty (SpireTek) regarding race discrimination, retaliation and a hostile work environment

4.  January 27, 2026 — complaint to Samantha Kelly (Foxconn HR) regarding race discrimination being the reason behind disciplinary action based on "performance".

5.  January 27, 2026 — written e-mail report to Claudia-Yunju Lung (Foxconn HR) regarding hostile work environment/race discrimination.

13. Plaintiff's complaints constituted protected activity, including opposition to discrimination and participation in internal reporting processes.

### C. Lack of investigation and policy non-compliance

14. Defendants failed to acknowledge and investigate Plaintiff's complaints in a timely manner.

15. SpireTek's written anti-discrimination/anti-harassment policy requires acknowledgment and timely investigation, including an acknowledgment window and an investigation timeline (approximately 3 business days and 15 business days, absent justification).

16. Plaintiff did not receive proper acknowledgment, investigator assignment information, status updates, or findings.

### D. Pretextual "performance" justification and abrupt termination

17. On or about January 27, 2026, Plaintiff was issued disciplinary action after employees approached her stating that they believed they were being subjected to race

4

discrimination and asked where Human Resources was located. Plaintiff simply directed them to Human Resources. Shortly thereafter, Plaintiff was accused of misconduct arising from that interaction and subjected to discipline.

18. The stated reason for the disciplinary action did not reflect Plaintiff's actual conduct, which consisted solely of directing employees who raised discrimination concerns to the appropriate HR channel.

19. Plaintiff was not provided objective performance metrics, progressive discipline in accordance with SpireTek's Handbook or documented warnings supporting termination.

20. Instead, on January 28, 2026, the day after Plaintiff engaged in protected reporting activity, Defendants abruptly ended Plaintiff's assignment and characterized the reason as "performance expectations not being met," without providing specifics or documentation.

### E. Hostile discharge and disposal of personal property

21. During and/or immediately following the discharge process, Plaintiff reiterated discrimination and retaliation concerns.

22. Plaintiff's discharge was conducted in a retaliatory and hostile manner, during which her personal property was discarded and/or thrown away.

### F. Damages

23. As a direct result of Defendants' conduct, Plaintiff suffered:

   a. Loss of income and employment benefits

   b. Emotional distress and humiliation

   c. Damage to career prospects and reputation

5

   d.  Out-of-pocket losses including property loss

   e.  Other damages to be proven at trial

## V. CLAIMS FOR RELIEF
### Race Discrimination (42 U.S.C. § 1981)

**24.** Plaintiff incorporates paragraphs 1–23.

**25.** Plaintiff is a member of a racial minority and had the right to make and enforce contracts free from racial discrimination under 42 U.S.C. § 1981.

**26.** Defendants intentionally discriminated against Plaintiff because she is Black by denying her equal access to training, meetings, supervisory support, and workplace information provided to similarly situated non-Black employees.

**27.** Plaintiff was disciplined and ultimately terminated under circumstances in which she had been denied equal access to the same resources, communication, and managerial support provided to non-Black employees.

**28.** But for Plaintiff's race, she would not have been denied equal workplace access, subjected to disparate discipline, and terminated.

**29.** Defendants' conduct was intentional and violated 42 U.S.C. § 1981.

### Retaliation (42 U.S.C. § 1981)

**30.** Plaintiff incorporates paragraphs 1–23.

**31.** Plaintiff engaged in protected activity by complaining about race discrimination and opposing discriminatory practices.

**32.** Defendants retaliated by ending Plaintiff's assignment and amplifying hostile treatment following protected activity.

6

33. But for Plaintiff's protected activity, Defendants would not have terminated Plaintiff's assignment.

34. Defendants violated 42 U.S.C. § 1981.

## VI. RELIEF REQUESTED

35. Plaintiff respectfully requests that the Court:

    A. Enter judgment for Plaintiff on all claims;

    B. Award back pay and lost benefits;

    C. Award front pay or reinstatement if appropriate;

    D. Award compensatory damages, including emotional distress;

    E. Award punitive damages as allowed by law;

    F. Award damages for property loss;

    G. Award attorney's fees and costs where authorized (including under §1988 where applicable);

    H. Grant injunctive relief as appropriate (including corrective employment records); and

    I. Grant all other relief the Court deems just.

## VII. JURY DEMAND

36. Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

7

/s/Megan N. Gentry
Megan N. Gentry
Pro Se – Plaintiff
16635 SPRING CYPRESS RD UNIT 2923
CYPRESS TX 77410-1498
Megan.gentry333@gmail.com

**8**