United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEGAN N GENTRY<br>*Plaintiff*,<br><br>v.<br><br>SPIRETEX INTERNATIONAL, INC., ET AL.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-01647 |

# ORDER

Over 7 months ago, on February 27, 2026, Plaintiff, proceeding pro se, filed a Complaint for employment discrimination and a Motion to Proceed in Forma Pauperis (IFP).[1] ECF 1; ECF 2. Also on February 27, 2026, the Clerk issued summons for Defendants and delivered them to Plaintiff in person. On April 14, 2026, with no return of service on file and no appearance by either Defendant, the Court conditionally granted Plaintiff's Motion to Proceed IFP. ECF 5. The Order directed Plaintiff to submit a completed summons and Form USM-285 to the Clerk in order for the U.S. Marshal to effect service on her behalf. *Id.* The IFP Order also cautioned Plaintiff that "if the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed." *Id.* The Court set the Initial Pretrial and Scheduling Conference in the case for July 13, 2026, giving Plaintiff enough time to ensure completion of service and for Defendants to respond to the Complaint. ECF 6.

By July 8, 2026, no return of service was on file and no Defendant had appeared,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

so the Court reset the conference for September 14, 2026. ECF 8. The July 8, 2026 Order reminded Plaintiff of her responsibility to submit a completed summons and Form USM-285 to the Clerk in order for the U.S. Marshal to effect service and set an August 7, 2026 deadline for her to do so. *Id.* The July 8, 2026 Order again notified Plaintiff that failure to comply may result in a recommendation that this case be dismissed without prejudice. *Id.* The Initial Pretrial and Scheduling Conference set for September 14, 2026 was continued to October 19, 2026 due to lack of service and no appearance by any Defendant. ECF 9. On October 15, 2026, the Court canceled the October 19, 2026 conference because Plaintiff still had not complied with the Court's orders to submit the summons and Form USM-285 to the Clerk in order for service to be completed. ECF 10. The October 15, 2026 Order informed Plaintiff that the Court would recommend that the District Judge dismiss this case for lack of service. *Id.*

Federal Rule of Civil Procedure 4(m) requires a plaintiff to effect service within 90 days of filing a Complaint. After 90 days, upon notice to the Plaintiff, the district court must dismiss the case without prejudice or order an extension of time to effect service. *Id.* District courts enjoy "broad discretion in determining whether to dismiss an action for ineffective service of process." *Murphy v. Miller*, No. 26-60281, 2026 WL 2690010, at *2 (5th Cir. Sept. 14, 2026) (citation omitted). A plaintiff's pro se status does not excuse the failure to effect service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

Here, Plaintiff has been given multiple notices of the lack of service, has been

provided clear instructions on what she needs to do to effect service, and has been notified that failure to comply may result in dismissal of her case. In addition, Plaintiff will have 14 days after entry of this Memorandum and Recommendation to object to dismissal and submit the required summons and Form USM-285 to the Clerk for purposes of service by the U.S. Marshal.

For the above reasons, the Court RECOMMENDS that this case by dismissed without prejudice pursuant to Rule 4(m).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 16, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge